TUANA'ITAU TUIA, Plaintiff

v.

FUIMAONO TU'INANU, Defendant

No. 3033-1975

High Court of American Samoa

Civil Jurisdiction, Land and Titles Division

May 21, 1975

The Plaintiff asserts that in 1968–1972, the Defendant thought of offering for registration some land in Tafuna as his individually owned land. Being unsure as to just how to proceed, sought advice from several different practitioners, and finally turned to the Plaintiff, a practitioner with a number of years experience. After several discussions and the Plaintiff's viewing of the land, the Plaintiff agreed to take the case. At this time, the question of a fee arose and it was agreed by the parties that a contingent fee arrangement would be best.

A total of 45 acres was to be offered for registration as the Defendant's individually owned land, and it was agreed that if the registration should be accomplished, the Plaintiff, as his fee, would receive 10 acres.

On May 23, 1972, the Court, after a trial of two days and a viewing of the property, did approve the registration, and

the land was registered as Defendant's individually owned land. The Defendant then refused to honor the agreement and convey the 10 acres to Plaintiff, and continues to refuse.

The Defendant asserts that no such agreement was ever entered into, and on the contrary, states that when the question of a fee arose, the Plaintiff stated he did not want a fee, and would refuse any fee if offered. He states the Plaintiff offered to accept the employment without fee, because of an alleged family tie and out of the love he felt for the Defendant.

Defendant asserts he gave several sua's to Plaintiff, consisting of a fine mat, a keg of beef, ta'isi and $100. He states this constituted payment in full for any services rendered, and he therefore owes the Plaintiff no part of the land registered in his individual name.

The trial of this case took approximately a day and one-half. The Court had the full opportunity to hear the testimony and to observe the parties and witnesses. The Court is of the opinion that the true arrangement and agreement is as stated by the Plaintiff, and so finds.

The Court is aware that the land in this area has greatly increased in value and that by this decision, the Plaintiff does receive a very large monetary fee. In turn, the remaining land of the Defendant has increased in value so that the proportions of the respective holdings of the parties, although each have large monetary value; nevertheless, maintain the same relative position as they did before the land so greatly advanced in value.

Contingent fee arrangements have recently come under question, but it has historically been a way that attorneys have accepted certain cases. It obviously allows an attorney to occasionally make a large fee in proportion to the actual time spent on a case. At the same time, an attorney has agreed that if he is not successful, he shall receive no fee,

and it should be apparent that in many instances, he does fail to get a favorable result, and he receives no compensation, even though he has spent days and months on the case.

The exact location of the 10 acres has not been determined and if the parties cannot agree, the Court will designate the area upon a request by either party, and after a further hearing. The Court retains jurisdiction of this case for that purpose, if necessary.

Judgment is granted to the Plaintiff for 10 acres of land heretofore registered as the individually owned land of the Defendant as described in case number L & T 1239-71.